[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6732
This matter and Docket No. 62033 and 62034 involve the same parties and the same issues of fact and law and both parties stipulated that the evidence taken at trial on July 8, 1992 would be used and be applicable in all three cases.
With regard to this particular file the court having heard the evidence and reviewed the exhibits finds as follows:
1. On or about October 23, 1987 the defendant Michael E. Freda borrowed $135,000 from the plaintiff People's Bank and agreed to repay said indebtedness in consecutive monthly installments of $1,038.03 beginning December 1, 1987.
2. To secure said indebtedness the defendant Michael E. Freda gave to the plaintiff his promissory note and a mortgage on certain property belonging to him and known as Unit #A-2 Harborwalk Condominium in Clinton, Connecticut. Said mortgage was dated October 23, 1987 and recorded in Vol. 175, page 491 in the Clinton land records.
3. The defendant Michael E. Freda has been in default of payment of principal and interest on said note since May, 1990. The plaintiff now owns the aforementioned note and mortgage which provides for the payment of late charges, cost of collection and reasonable attorneys fees. The defendant Harborwalk Condominium Association has a lien, prior and right to the mortgage being foreclosed for common charges for the period six months immediately proceeding the institution of this action. The defendants Jan E. Cohen, Arnold H. Foster and Mario Dirienzo claim an interest in the premises by virtue of an attachment recorded January 17, 1990 in the town clerks office of Clinton at Vol. 197, page 649, which interest is subsequent and subordinate in right to the plaintiff's mortgage.
4. The defendant Harborwalk Condominium Association also has a lien for common charges due and owing it but said lien is subsequent and subordinate to the plaintiff's mortgage.
5. The defendants Peter Mayer and Tracy Mayer make claim and interest in the premises by virtue of the fact that are tenants therein. There are no leases of record and any interest which they claim is subsequent and subordinate to the plaintiff's mortgage. CT Page 6733
6. The defendant by way of special defense for his first special defense claimed that the plaintiff by virtue of its course of conduct in dealing with him, was estopped from prosecuting the foreclosure action or seeking a deficiency judgment against him. The defendant in his second special defense claims that the plaintiff has waived any right it may had to seek a foreclosure or a deficiency judgment against him by virtue of its course of conduct in its dealing with him. In its third special defense the defendant claims by virtue of its conduct in dealing with him the plaintiff has released any right or claims it may had against him to pursue a foreclosure action or seek a deficiency judgment. These three special defense arise out of a claim by the defendant that in late February or early March 1990 he was having financial difficulties and offered the bank a deed in lieu of foreclosure with the payment of no cash. The defendant claims that the plaintiff accepted this offer but this court finds insufficient evidence to justify that conclusion. This court finds that although there was an offer of a deed in lieu of foreclosure there was never an acceptance by the plaintiff bank. In the defendant's fourth special defense he claims by virtue of the plaintiff's course of conduct with him, the plaintiff has breached the implied duty of good faith and fair dealing it owed to the defendant pursuant to the common law and the Uniform Commercial Code of Connecticut. The court finds no evidence to support this allegation contained in the fourth special defense. In its fifth special defense the defendant claims the plaintiff by virtue of its course of conduct with him, has unclean hands and is not entitled to a judgment of foreclosure or a deficiency judgment in a court of equity. This court finds no evidence of unclean hands and no evidence that would prevent the plaintiff from bringing this foreclosure to a judgment. The defendant in its sixth special defense claims that after making the note and mortgage referred to above the parties altered that existing contractual relationship and entered into a subsequent contract which expressly released the defendant from all liability on the note and mortgage deed in exchange for a deed in lieu of foreclosure and therefore by virtue of the novation among the parties the plaintiff has no right or claim to assert against the defendant Michael Freda. The court finds no evidence to support the allegations contained in this sixth special defense. The defendant Michael Freda also filed four counterclaims against the plaintiff and this court finds in favor of the plaintiff on all four counterclaims. As a result of a previous hearing held June 8, 1992 in which the defendant was not present the court found and continues to find the value of the property to be $70,000.00 CT Page 6734 the debt to be $166,169.86 plus accrued interest from June 8, 1992 and awards attorney's fees of $3,235.00 and a title search fee in the amount of $150.00. The court sets a law day of August 10, 1992 for the defendant Michael E. Freda and subsequent days in inverse order for subsequent encumbrancers.
O'CONNELL, J.